IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH WILDBERGER,
     Petitioner,

v.                          Case No.  3:11cv392/MCR/CJK

MICHAEL D. CREWS,[1]
     Respondent.
_____

# ORDER and
# REPORT AND RECOMMENDATION

Before the Court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 4) and supporting memorandum (doc. 5).  Respondent filed an answer, submitting relevant portions of the administrative record.  (Doc. 16). Petitioner was invited to reply (doc. 17), but declined to do so.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that

---

[1]Michael D. Crews succeeded Edwin G. Buss and Kenneth S. Tucker as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed.R.Civ.P. 25(d).

the pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the amended petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a state inmate currently incarcerated at Santa Rosa Correctional Institution ("Santa Rosa CI"). Petitioner challenges a prison disciplinary conviction he received at Santa Rosa CI on June 21, 2011. The following facts are undisputed.

On June 12, 2011, petitioner was issued a disciplinary report ("DR") for Violation Code 13, Spoken Threats. (Doc. 16, Ex. 1). The charging DR stated:

> Inmate Wildberger, Kenneth DC# 271391, housed in E1201L, is being charged with a violation of FAC Chapter 33-601.314, Rule of Prohibited Conduct, 1-3 Spoken, Written or Gestured Threats. On June 11, 2011, I was assigned as E-dormitory Close Management Housing Supervisor at Santa Rosa Correctional Institution, Main Unit. At approximately 8:10 AM, I was in Wing 1 assisting with the supervisoin of Close Management III dayroom activities. At approxiately 8:10 AM I observed Inmate Wildberger, Kenneth DC# 271391 sitting in the middle of the bench of the front two jump up in an aggressive manner and threaten Inmate Flores, Edwin DC# E02653. Inmate Wildberger stated "I'll see your ass on the rec yard Monday." I ordered Inmate Wildberger to cease his threatening behavior and approach me. While Officer B. Jinks and I were escorting Inmate Wildberger back to his cell he again threatened Inmate Flores stating "Your ass belongs to me Monday." I again ordered Inmate Wildberger to cease his threatening behavior and enter his cell. Inmate Wildberger compleid without further incident. The shift supervisor was notified and authorized this report. Inmate Wildberger will remain in his current status pending disciplinary team action.

(*Id.*, p. 1) (DR log # 119-111335).

Petitioner received notice of the charge on June 13, 2011. (*Id.*). An investigation of the charge was initiated on June 12, 2011. (*Id.*, p. 3). During the

investigation, petitioner declined staff assistance. (*Id*.). Petitioner was provided the opportunity to give a written statement of his version of the incident, which he did. (*Id*., p. 4). Petitioner's written statement stated, in part: "I want to call the Inmates that were present and camra [sic] to show it was never intended as a threat." (*Id*.). On the Witness Disposition form, petitioner did not indicate that he had any witnesses, and did not identify any witnesses. (*Id*., p. 5). The investigating officer identified two witnesses, Edwin Flores and Officer Jinks. (*Id*.). Officer Jinks provided the following written statement: "On 11 Jun 11, at approx 0810 hrs while assigned to Echo dorm, as a dorm officer, I was supervising Day Room when Inmate Wildberger, Kenneth DC# 271391, E1201, became argumentative with Inmate Florez, Edwin DC# E02653, E1120. During his ranting, Inmate Wildberger, Kenneth stated 'I will see your ass on the Rec yard Monday.', thus threatening Inmate Flores." (*Id*., p. 6). Inmate Flores voluntarily refused to provide a written statement. (*Id*., p. 7). On the Documentary or Physical Evidence Disposition form, petitioner identified that he wanted the videotape/audiotape of the E-dorm quad-1 for June 11 at 8:10 a.m.. (*Id*., p. 8).

A disciplinary hearing was held on June 21, 2011. (*Id*., p. 10). Petitioner was present and offered staff assistance which he declined. (*Id*.). Petitioner was found guilty of the charge. The disciplinary team provided the following written statement of the reasons for its decision:

> Based in part of [sic] the statement of facts and the investigation provided, Inmate Wildberger did threaten Inmate Flores when he stated "I'll see your ass on the rec yard Monday". Sgt. Stokes ordered Inmate Wildberger to cease his threatening behavior and approach him. While Officer B. Jinks and Sgt. Stokes were escorting Inmate Wildberger back to his cell he again threaten[ed] Inmate Flores by stating "You [sic] ass

belongs to me Monday". All witness statements were read and considered by the team. He did call the camera as evidence, however, "Based upon review of the identified tape or the capabilities of the particular taping equipment, the tape requested does not provide evidence to support the inmate's statement". He was later provided with a copy of the team findings and was advised that he has fifteen days to appeal the decision of the team.

(*Id.*). As a result of the conviction, petitioner spent 30 days in disciplinary confinement. (*Id.*). Petitioner did not lose any gain-time. (*Id.*). Petitioner's administrative appeals were unsuccessful, having concluded on August 1, 2011. (Doc. 16, Ex. 2). Petitioner did not seek review of his disciplinary conviction in the state courts.

Petitioner filed his original § 2254 petition in this Court on August 21, 2011. (Doc. 1, p. 6). Petitioner's amended petition, filed September 20, 2011, presents one ground for relief – "due process was violated when I wasn't allow[ed] to call 3 witnesses and camra [sic] to identify them." (Doc. 4, p. 4). Petitioner alleges the following facts in support of this claim:

> Petitioner was violated his due process when Investigator and Disciplinary Team wouldn't let Petitioner call camra [sic] to identify 3 witnesses that was present and witness[ed] incident. They were not mentioned in the DR as all witnesses are suppose[d] to.

(*Id.*). When asked on the petition form if he raised his claim in state court by direct appeal, 3.850 motoin, or otherwise, petitioner wrote, "N/A". (*Id.*). As relief, petitioner seeks expungement of the disciplinary conviction and "restoration" of 16 days gain-time. (*Id.*, p. 6)

Respondent asserts a procedural default defense, arguing that petitioner did not exhaust his state court remedies prior to bringing this action and is now procedurally

barred from doing so.  Respondent further argues that petitioner's claim does not present a cognizable constitutioanl claim.  (Doc. 16).

## DISCUSSION

Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[2] thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78.  A claim that was not presented to the state court and

---

[2]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

        (A)  the applicant has exhausted the remedies available in the courts of the State; or

        (B) (i)  there is an absence of available State corrective process; or

            (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

In Florida, a challenge to a prison disciplinary proceeding is properly filed as

a petition for writ of mandamus in the appropriate circuit court. *See Bush v. State*, 945 So. 2d 1207 (Fla. 2006); *Woullard v. Bishop*, 734 So. 2d 1151, 1152 (Fla. 1st DCA 1999) (holding that a petition for writ of mandamus is the appropriate remedy for seeking review of a prison disciplinary proceeding allegedly conducted in violation of constitutional requirements or the rules of the Department of Corrections).  If mandamus relief is denied, the prisoner may seek further review by filing a petition for writ of certiorari in the Florida First District Court of Appeal.

Respondent asserts, and petitioner does not dispute, that as of the filing date of respondent's answer, March 1, 2012, petitioner had not pursued mandamus or certiorari relief in the state courts.  (Doc. 16, p. 8).  Petitioner instead came directly to this Court.  Petitioner is now procedurally barred by the applicable statute of limitations from returning to state court to challenge his disciplinary conviction. *See* Fla. Stat. § 95.11(8).  Section 95.11(8) provides:

> Any court action challenging prisoner disciplinary proceedings conducted by the Department of Corrections pursuant to s. 944.28(2) must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code.  Any action challenging prisoner disciplinary proceedings shall be barred by the court unless it is commenced within the time period provided by this section.

Similarly, Florida Rule of Appellate Procedure 9.100(c)(4), requires that a petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings be filed within thirty (30) days of rendition of the order to be reviewed.  Pursuant to Florida Rule of Appellate Procedure 9.020(a)(h), an order is deemed to be rendered when a signed, written order is filed with the clerk of the lower tribunal. *See also Ortiz v. Moore*, 741 So. 2d 1153, 1154 (Fla. 1st DCA 1999).

As provided in 33-103.007(8)(a), Florida Administrative Code, the final response of the Secretary "shall be stamped 'MAILED/FILED WITH AGENCY CLERK' along with the date mailed; the response shall be mailed on the same date that it is stamped. The response is deemed filed with the agency clerk on the date that it is stamped and mailed. The time period for appeal begins to run on the date that the response is stamped and mailed."

Petitioner's grievance appeal received final disposition on August 1, 2011, when the Office of the Secretary mailed its decision denying petitioner's grievance. (Doc. 16, Ex. 2). Petitioner had thirty days from August 1, 2011 to seek judicial review of his disciplinary conviction. Petitioner did not seek judicial review within that limitations period, and his failure to do so renders his present challenge procedurally defaulted for purposes of federal habeas review. Petitioner has made none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas review of his claim.

Merits

Petitioner's federal habeas petition may be denied on the merits notwithstanding his procedural default. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). "The touchstone of Due Process is freedom from arbitrary governmental action, but prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply ." *Ponte v. Real*, 471 U.S. 491, 495, 105 S. Ct. 2192, 85 L. Ed. 2d 553 (1985) (internal quotation omitted). In *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974),

the Supreme Court established five requirements as the process an inmate is due in disciplinary proceedings. First, the inmate must receive an adequate, written notice of the charges. Second, the inmate must receive this written notice at least 24 hours before his hearing. Third, the inmate must have an opportunity, as limited by safety needs or correctional goals, to call witnesses and present documentary evidence in his defense. Fourth, the fact-finder must make a written record of both the evidence and the reasons for taking disciplinary action. This written record must show that the disciplinary committee's findings were based on "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). Fifth, where circumstances warrant, the inmate should receive the help of an inmate or staff member. *Wolff*, 418 U.S. at 570.

The foregoing five procedural safeguards apply only when the prisoner's duration of confinement is adversely effected by the loss of gain-time credits or the prisoner is subjected to confinement that is "atypical and [creates a] significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 478, 484, 115 S. Ct. 2293, 132 L .Ed. 2d 418 (1995). Without either the loss of gain-time credits or "atypical" confinement, "the Due Process Clause itself [affords no] protected liberty interest that [invokes] the procedural protections set forth in *Wolff*." *Conner*, 515 U.S. at 487. Because petitioner lost no gain-time and 30-days disciplinary confinement alone is not "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," 515 U.S. at 486, the petition lacks merit and must be denied.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The Clerk shall change the docket to reflect that Michael D. Crews has been substituted as the respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the amended petition for writ of habeas corpus (doc. 4) challenging the disciplinary conviction dated June 21, 2011 (disciplinary report log number 119-111335) be DENIED, and the Clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 7th day of March, 2013.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).